UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GARY and JERI ROSSELLI, individually; JUDITH D. REED, individually; DOLORES DELARWELLE, individually; DONALD and TAMMY MEYER, individually; MELVIN and YVONNE BRUEGGERT, individually; and the same on behalf of themselves and on behalf of others similarly situated, and ROES 6-600, inclusive,<br><br>    Plaintiffs,<br><br>v.<br><br>BRADDOCK & LOGAN GROUP II, L.P., a California Limited Partnership; BRADDOCK & LOGAN SERVICES, INC., a California Corporation; VALLEY CONCRETE CO., INC., a Nevada Corporation, and DOES 2 through 500, inclusive,<br><br>    Defendants. | 3:10-CV-00425-LRH-VPC<br><br>ORDER |

Before the court is Plaintiffs' Motion to Remand to Second Judicial District Court of Nevada (#13[1]), filed August 6, 2010. Remand to state court is requested on the ground that complete diversity has been destroyed by virtue of Plaintiff's post-removal amendment of the complaint adding a non-diverse defendant, Valley Concrete Co., Inc. ("Valley Concrete"). Doc.

---

[1] Refers to the court's docket entry number.

#13, p. 2-3. On August 24, 2010, the defendants that originally removed the action on diversity grounds, Braddock & Logan Group II, L.P., and Braddock & Logan Services, Inc. (collectively "Braddock & Logan"), filed a Notice of Non-Opposition (#18) to the motion to remand.

For their part, on September 10, 2010, Valley Concrete initially filed a Motion to Dismiss Plaintiff's First Amended Complaint and/or Motion for Partial Summary Judgment (#21), arguing in part that it was named as a defendant post-removal specifically "to defeat diversity jurisdiction and/or forum shop." Doc #21, p. 3. However, Valley Concrete withdrew that motion on September 30, 2010. Doc. #25.

For federal courts to have subject matter jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the opposing parties, and no defendant may be a citizen of the forum state. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Accordingly, given the unopposed joinder of Valley Concrete as a non-diverse defendant and that no defendant has filed an opposition to Plaintiffs' motion to remand, the court will grant the motion and remand the action to state court.

IT IS THEREFORE ORDERED that Plaintiffs' motion to remand (#13) is GRANTED.

IT IS FURTHER ORDERED that this case is remanded to the District Court of Washoe County, Nevada.

IT IS SO ORDERED.

DATED this 18th day of October, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE